This is a suit for damages arising out of an intersectional collision between a Ford Coupe, owned and operated by the plaintiff, Mrs. Louise S. Taney, and a taxicab owned by White Top Cab Company, Inc., and operated by its driver, Elmore Tassin. As a result of the impact, Mrs. Taney sustained personal injuries and her automobile was damaged for which she seeks redress from the cab company and its driver in solido on the ground that the accident is solely attributable to the fault of the cab driver.
The defendants admit the happening of the accident but resist plaintiff's demand on the ground that the collision was due to the fault of the plaintiff and they further plead in the alternative that, if the court should find that the cab driver was negligent in any particular, then plaintiff was guilty of contributory negligence barring her recovery.
After a trial in the lower court, judgment was rendered in plaintiff's favor for the sum of $176.87. The defendants have appealed.
The accident occurred on May 29, 1940, at about 6:30 p.m. in the City of New Orleans at the corner of North Liberty and St. Ann Streets, which are both paved thoroughfares intersecting each other at right angles. The taxicab was being driven on St. Ann Street in the direction of Lake Pontchartrain and plaintiff's car was being operated on North Liberty Street in the direction of Canal Street. St. Ann Street, at the point of its intersection with North Liberty Street, is very broad and, while its exact measurements are not given in the record, the testimony shows that it is at least 50 feet in width. North Liberty Street is considerably narrower than St. Ann Street and, at the corner of the intersection, there is a stop sign which grants to traffic proceeding on St. Ann Street the right of way over that on North Liberty Street.
There were only two witnesses to the accident — the plaintiff and the taxicab driver. Plaintiff testified that she was proceeding on North Liberty Street in the direction of Canal Street; that, when she arrived at the corner of St. Ann Street, she came to a full stop in obedience to the traffic sign; that she looked for traffic in St. Ann Street and, seeing none, she started to cross the intersection; that, as she arrived at a point approximately in the center of the intersection, she saw for the first time a taxicab coming from her left traveling at a terrific rate of speed; that, notwithstanding the fact that she had pre-empted the intersection, the cab came on with speed unabated and that the front of the cab struck the left side of her car a violent blow, damaging it and knocking her unconscious. She further says that she regained consciousness soon after the impact; that she looked for the cab but that the driver had left the scene; that the tire and inner tube of one of the wheels of her car had blown out when the cab struck it *Page 282 
and that she drove to the nearest service station which was located at Toulouse and Rampart Streets where she had her tire changed. She also states that, as a consequence of the collision, she sustained contusions and bruises of her head and left side and that she was confined to bed and remained under the treatment of her doctor for 30 days.
On the other hand, Tassin, the cab driver, states that he was driving on St. Ann Street in the direction of Lake Pontchartrain at a speed of between 15 and 18 miles per hour; that, when he neared the intersection of North Liberty Street, he saw plaintiff's car come into it; that she failed to stop in obedience to the traffic sign situated on the corner; that she dashed over the crossing directly in the path of his cab at a speed of 40 miles per hour and that, because of her speed and her failure to stop, he was unable to avert the accident. He further says that, immediately after the collision, he brought his cab to a stop but that plaintiff went on to Orleans Street before stopping and that, when he got out of his cab, she drove off without giving him her name.
It will be seen from the foregoing that the versions of the participants in the accident are irreconcilable. The trial judge believed the plaintiff and we find no manifest error in his conclusion on the question of fact presented. In truth, the case furnishes a classic example for the application of the oft repeated rule that findings of the trial judge on questions of fact will not be disturbed on appeal unless the court is convinced, after a careful consideration of the evidence, that they are obviously wrong. Here, the testimony is in hopeless conflict and the trial judge, having an opportunity of seeing and hearing the two witnesses to the occurrence, was in a far better position than we are to determine which one was telling the truth.
Counsel for the defendants proclaims that, if we accept plaintiff's statement as correct, then we should hold that she is guilty of contributory negligence. This argument is based upon the premise that plaintiff testified that, when she got to the intersection, she stopped and looked but did not see the taxicab traveling on St. Ann Street. It is said that she did not look because, if she had, she would have been bound to see the cab. But counsel forgets that plaintiff's testimony is that she did look and that her reason for not seeing the taxicab at that time was because it was not in close proximity to the intersection. If we accept her statement as true, we certainly cannot convict her of contributory negligence because, from the entrance of the intersection where she had stopped, it is probable that, at the time she looked, the taxicab, which was being driven at a high rate of speed, was not within the range of her vision.
The case of Guernsey v. Toye Bros. Yellow Cab Co., La.App., 172 So. 459, 460, relied upon by the defendants, is not in point because, there, the taxicab driver testified that, when he reached the street corner, he saw the Gilmore car coming towards the intersection at a fast rate of speed. Under these circumstances, we found that he was negligent in attempting to traverse the intersection for he should have realized that to do so would be dangerous in view of the fast rate of speed at which the Gilmore car was being driven. It is true that, in that matter, we expressed the belief that in all intersectional collisions both drivers are perhaps at fault, but we also recognized that there were certain exceptions where the entire blame for the collision should be fixed upon one of the drivers. We think the instant matter is one of the exceptional cases where it is proper to hold that the accident occurred solely through the fault of the taxicab driver who proceeded into the intersection without the exercise of care or precaution and crashed into the left side of the plaintiff's car at a time when she had already pre-empted the crossing.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 283