This is a suit wherein plaintiff claims that his taxicab was damaged as the result of a collision with defendant's truck, at the intersection of North Front and Bienville Streets in New Orleans, on August 26, 1947, at about 8 o'clock A.M. and he seeks reimbursement for the cost of repairs and for loss of earnings whilst the repairs were being made.
The petition alleges that plaintiff was driving his cab abreast of the truck, which was driven by defendant's employee. Both vehicles were travelling on North Front Street, which is a two-way street, in an *Page 656 
uptown direction, or toward Canal Street. At the moment of the collision defendant's driver was attempting to make a left turn into Bienville Street in the direction of the Mississippi River. The charges of negligence against defendant's driver embrace failure to maintain a proper lookout, and failure to give any signal.
The defendant admits ownership of the truck and that it was being driven by his employee, but he denies that his driver was guilty of any negligence, and alleges that the collision resulted solely from plaintiff's fault, in that plaintiff was travelling at an excessive rate of speed and could not control his car, and that he illegally attempted to pass the truck at the intersection.
The lower court heard the case on its merits, and judgment was rendered for plaintiff for $214.73, the amount claimed; the defendant has taken this appeal.
As is usual in most cases involving collision of vehicles, there is conflict in the testimony of the two drivers, but on the essential points plaintiff's statements are supported by the testimony of two persons who were passengers in the cab. There is nothing in the record showing exactly how far behind the truck the taxicab was travelling, but it is clear that when the truck reached a point about thirty feet from Bienville Street plaintiff sounded his horn, having in mind the intention of passing the truck. The truck then pulled to the right, and plaintiff believed that this movement was made by the truck's driver to accommodate plaintiff's passage. Just as the cab reached about the middle of the intersection, the vehicles being then nearly abreast, with defendant's truck a little in the lead, the truck made a turn to the left, with the result that the right front part of the taxicab struck the truck a glancing blow on the left end of its front bumper. The truck driver admitted that he was travelling on the right-hand side of his traffic lane, and that he heard the horn signal given by plaintiff. He insisted that he had completely stopped at the moment of the accident, but in this detail he is contradicted by Sam Coley, who was riding in the truck with him.
Upon being interrogated as to whether he had given a hand signal before attempting the turn, defendant's driver stated that he put out his hand a few feet before reaching Bienville Street, but withdrew it upon hearing the horn signal from plaintiff's car. Plaintiff and two passengers in the cab stated that they saw no signal given by the truck driver.
Article VI, Sec. 1, sub-secs. (a), (b) and (d), of Ordinance No. 13,702, C.C.S. of the City of New Orleans (which regulates traffic on the city's streets), provide that the operator of a vehicle who intends to stop or turn must give a visible signal to vehicles in the rear, and that in the case of a left turn he must extend his left arm in a horizontal position at least fifty feet before the turn is attempted.
[1] The admissions of defendant's driver clearly demonstrate a non-compliance with those provisions of the ordinance, for even assuming that he did put out his hand a few feet from the intersection and immediately withdrew it upon hearing the sounding of plaintiff's horn, as he testified, he did not comply with the provisions of the ordinance.
The truck driver also frankly stated that he was travelling on the right-hand side of his traffic lane, and commenced the turn from that position. This also clearly establishes a violation of the ordinance, and particularly Sec. 2(b), which provides that the operator of a vehicle, intending to turn left at an intersection, shall approach the turning point in the lane for traffic to the right of and next to the center of the roadway.
[2] The courts have repeatedly held that a motorist intending to make a left turn at an intersection must first ascertain by proper observation that the maneuver can be executed in safety, and then proceed cautiously and carefully. See Gaines v. Standard Accident Ins. Co., La. App., 32 So.2d 633, and the many cases therein cited.
[3] We experience no difficulty in concluding that defendant's driver acted without due care, caution and circumspection *Page 657 
in maneuvering his truck into a left turn, which is a most hazardous operation, directly in the path of overtaking traffic, particularly when he had knowledge of its presence, having heard the horn signal from plaintiff's vehicle.
Defendant's counsel first argued that the sole cause of the accident was the negligence of plaintiff, who he claims was travelling at a high and excessive rate of speed, and attempted to pass the truck at the intersection, all in violation of the city ordinance. But we deem it unnecessary to investigate the merits of defendant's charges imputing negligence to plaintiff, and it can avail him nothing, as we have already found defendant's driver negligent in attempting to turn the truck left in the manner above indicated.
[4, 5] The defendant's attorney, in brief and in oral argument, next contends that the plaintiff was guilty of contributory negligence of such nature as to preclude his recovery. From an examination of the answer it is to be noted that defendant specially denied that his driver was at fault, and affirmatively averred that the sole cause of the accident was the negligence of plaintiff, the details of which were particularly set forth. Nowhere in the answer is there to be found the plea, in the main or in the alternative, that plaintiff's negligence was a contributing cause of the accident, and in the absence of such plea, which is an affirmative one, we are not at liberty to examine into that defense raised by defendant for the first time in his brief. It is well established that contributory negligence is a defense which must be specially pleaded in order to warrant its consideration. Althans v. Toye Bros. Yellow Cab Co., et al., La. App., 191 So. 717.
[6] Defendant does not dispute the amount awarded plaintiff by the trial court, and it appears to us that the quantum allowed is correct. Plaintiff testified that he expended $144.73 for repairing the right front door, radiator and right front fender of the cab, and exhibited a bill from the French Market Garage, which performed the work, marked paid. In addition, plaintiff paid $7.50 for towage of the damaged cab to a garage.
Plaintiff has been engaged in the business of operating a taxicab for about six years. He operated the cab himself during the daylight hours, and at night rented it to another driver and received rental of $5 per night. The automobile, while being repaired, was out of operation for a period of seven days, and plaintiff lost the night rental for that period, besides his earnings, which he testified were from $8 to $10 per day, from his own operation of the cab.
The judgment awarded plaintiff $214.73, which was the amount claimed by him, and we detect no error therein.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.