REGAN, Judge.
Plaintiff, the Electric Delivery System, Inc., instituted this suit against Lang Company, its individual partners, and its insurer, the Fidelity and Casualty Company of New York, endeavoring to recover the sum of $312, representing property damage incurred by its panel delivery truck, as the result of a collision in Poydras Street near the intersection of S. Prieur Street, in the ■City of New Orleans, on June 7, 1949, about 10 :00 a. m.
Defendants answered and admitted the occurrence of the accident, but denied that the operator of Lang Company’s truck, Stonewall Jackson, was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of Glenn Welch, the operator of plaintiff’s truck.
From a judgment in favor of the plaintiff as prayed for, defendant prosecutes this appeal.
The record reveals the usual controversial facts always present in cases of this sort.
Poydras Street is a wide thoroughfare running from the -river towards the lake and is separated by a neutral ground; both plaintiff's and defendant’s vehicles were driving in the uptown roadway of Poydras Street in the general direction of the Mississippi River. Briefly, plaintiff’s operator maintains that he was driving in the left traffic lane of the uptown side of Poydras Street at a speed of twenty to twenty-five miles per hour; that he blew his horn and attempted to pass on the left side of defendant’s truck; when abreast of the defendant’s truck, the operator thereof, endeavored to execute a left turn from the uptown center lane of Poydras Street into Prieur Street without manifesting any signal of his intention; plaintiff’s driver, upon observing defendant’s truck cutting sharply in front of him, unsuccessfully attempted to avoid the collision by also turning into Prieur Street which, of course, resulted in the damage which is the subject matter of this litigation.
Defendants, in opposition thereto, insist that the operator of Lang Company’s truck was free of negligence and, as usual, contradict the plaintiff’s version of the accident. They contend that the proximate cause of the- accident was the excessive speed (30 miles per hour) of plaintiff’s truck; its failure to afford defendant’s operator the benefit of its intention to pass and not observing nor acting upon a clear left turn signal manifested by defendán-t’s operator.
 The only questions posed for pur consideration are ones of fact — whether defendant’s truck endeavored to execute a left turn from the uptown center lane of Poydras Street into Prieur Street without manifesting any signal of its intention and was the plaintiff guilty of any negligence which contributed, in the final analysis, to the cause of the accident. The trial judge resolved these questions of fact in favor of plaintiff and our careful -examination of the record fails to disclose any error in his conclusions. Judges have repeatedly stated that a-motorist intending to execute a left turn in an intersection must first ascertain, by careful observation, that the maneuver *609 can be executed safely. Tornabene v. Rau, La.App., 34 So.2d 655; Zurich Fire Ins. Co. v. Thomas, La.App., 49 So.2d 460.
The record shows that damages in the amount of $312 have been adequately proven.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.