REGAN, Judge.
Plaintiff, the Victory Oil Company, Inc., instituted this suit against Pepsi Cola Bottling Company of New Orleans, Inc., and its insurer, the Liberty Mutual Insurance Company, endeavoring to recover the sum of $919.37, representing property damage incurred by its truck and loss of the use thereof for approximately twenty-one days, as the result of an intersectional collision, during a drizzling rain, in St. Claude Avenue and Tupelo Street in the City of New Orleans, on January 13th, 1947, at 9:45 a. m.
After preliminary exceptions were disposed of, defendant answered and admitted the occurrence of the accident, but asserted that the proximate cause thereof was the negligence of plaintiff’s driver, George Mayeaux, in driving at an excessive rate of speed in a wet street, in failing to keep a proper lookout, that Mayeaux possessed the last clear chance of avoiding the collision and, in the alternative, pleaded the contributory negligence of Mayeaux.
From a judgment in favor of defendant dismissing plaintiff’s suit, it has prosecuted this appeal.
The record reveals that St. Claude Avenue is a broad thoroughfare in the City of New Orleans extending generally from the Industrial Canal to Esplanade Avenue, and is separated by a neutral ground dividing its inbound and outbound traffic lanes. Tupelo Street intersects and crosses St. Claude Avenue and, for the purpose of merely encompassing the situs of the accident, runs from the lake to the river. The inbound roadway of St. Claude Avenue is thirty feet in width and its neutral ground is thirty-two feet wide, in which is located railroad tracks.
Plaintiff’s operator was driving a tank type truck weighing two thousand pounds, containing 1000 gallons of kerosene weighing approximately 7084 pounds, in St. Claude Avenue in the direction of Esplanade Avenue, at a speed of twenty miles per hour.
Defendant’s beverage delivery truck, prior to the accident, was parked parallel to the righthand or lakeside curbing of St. Claude Avenue, six or seven feet from the point where Tupelo Street intersects St. Claude. Defendant’s operator, Ovie Le-Jeune, testified that being unsuccessful in effecting a delivery of beverages to a restaurant located on this corner, he returned to his truck but before stepping into the *871 driver’s seat, observed traffic approaching from his rear and then again, after seating himself in the cab of the truck, looked in the rearview mirror and concluded that there was no traffic approaching within two-thirds of a block; threupon he moved away from the curbing at a speed of from 3 to 5 miles per hour and executed a left turn into Tupelo Street; after he had negotiated the St. Claude Avenue roadway and entered so far into the neutral ground thereof that only six feet of his truck extended into the roadway, it was struck on its left side behind the left rear wheel by plaintiffs vehicle.
The testimony of the operator of plaintiff’s truck is to the effect that when he was 100 to 125 feet removed from the intersection, he observed defendant’s truck moving away from the curbing and that he did not apply his brakes until he was approximately twenty-two feet removed from defendant’s truck and a collision was imminent. During this interval, it is conceded that defendant’s truck had sufficient time to move from its position parallel to the St. Claude Avenue curb, traverse the thirty foot roadway and proceed so far into the neutral ground section thereof that only six feet of the rear of the truck extended into the roadway.
The only question posed for our consideration by virtue of the foregoing revelation is one of fact and that is — whether the plaintiff’s driver was guilty of such negligence as will preclude recovery. The trial judge resolved this question of fact in favor of defendant and our careful examination of the record fails to disclose any error in his conclusion.
While it is true that the operator of a motor vehicle should not endeavor to cross a thoroughfare when approaching traffic is so close that a collision would be made imminent, it is likewise true, that an operator of a motor vehicle need not wait to cross a thoroughfare until there is no traffic in sight. Defendant’s driver in executing a left turn exercised reasonable care in observing plaintiff’s truck at a safe distance before attempting to cross the St. Claude Avenue roadway and, at the time of his initial and secondary observation, plaintiff’s vehicle was not so close that its approach prevented defendant’s driver from negotiating a safe passage into the neutral ground. However, assuming arguendo that the driver of defendant’s truck was negligent in executing the left turn referred to hereinabove, the testimony of the plaintiff’s driver convicts him of contributory negligence. He testified that when he first saw defendant’s vehicle moving away from, the curb, he was 100 to 125 feet removed therefrom, but he did not endeavor to apply his brakes until he was twenty-two feet from the point of impact and, at a time when defendant’s vehicle had almost succeeded in clearing the roadway — in fact only from four to six feet of the rear end of defendant’s truck protruded therein.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.