REGAN, Judge.
Plaintiff, Obie Baggett, and his subrogee •insurer, National Service Automobile Insurance Company, instituted this suit against the defendant, Markel, Inc., en.deavoring to recover the sums of $50 and $515.08, respectively, representing property damage incurred by Baggett’s 1947 Buick car as the result of a collision with a truck, owned by the defendant, and operated by one of its employees Frank Williams, in the intersection of Franklin Avenue and Carnot Street, in the City of New Orleans, on July 10th, 1950, about 4:00 P. M.
The defendant answered and admitted the occurrence of the accident, but denied that, its employee was guilty of any negligence in the premises and averred that the accident was caused solely through the negligence of Obie Baggett.
From a judgment in favor of plaintiffs as prayed for, defendant prosecutes' this appeal.
The record reveals the usual controversial facts always present in cases of this sort. .
Franklin Avenue is a wide thoroughfare running from the river towards the lake and is separated by a neutral ground dividing its inbound and outbound traffic lanes; Carnot Street intersects and crosses Franklin Avenue; both Baggett’s and defendant’s vehicles were driving in the uptown roadway of Franklin Avenue in the general direction of the Mississippi River.
Briefly, Baggett asserts that he was driving in the left traffic lane of the uptown roadway of Franklin Avenue in the direction of the river at a speed of approximately twenty-five miles per hour; that he ob *368 served defendant’s truck ahead traveling in the lane of traffic to his right; at this time Baggett sounded his horn in contemplation of passing the truck; he was then about in the center of the block and the truck was about half the distance between his position and the corner of the intersection; Baggett was traveling faster than the truck; when he reached a point approximately twenty-eight feet in the rear of the truck “just before I started to pass the truck, he made a sharp, quick left turn” without manifesting any signal of his intention, which “placed the truck right in front of me”; he applied his brakes and skidded about twenty-five feet into the side of the truck while it was still moving to its left; “at the point of impact only the front wheels of the truck had entered upon the Franklin Avenue neutral ground section”; “my right fender hit right the center of his left wheel”; after the collision an examination disclosed that the whole front portion of his car had been damaged as a result thereof. Immediately following the accident both he and the operator of the truck alighted from their respective vehicles and the operator of the truck observed “well, where did you come from?”
Mrs. Baggett’s version of the accident was substantially the same as her husband’s. She said it appeared to her that they were five to ten feet in the rear of the truck when it executed its left turn into the path of their automobile; and they were twelve to fourteen feet removed from the truck when she first observed it in the right traffic lane of the roadway.
Defendant, in opposition thereto, insists that the operator of its truck was free of negligence and, as usual, contradicts the plaintiffs’ version of the accident. Briefly, the operator thereof asserts that his truck was initially parked parallel to the right curbing of Franklin Avenue facing the Mississippi River, about seventy-five feet removed from the intersection of Franklin Avenue and Carnot Street; he had just completed delivery of “a window frame” to a residence situated therein; “when I returned to the truck naturally I had to go back out Franklin Avenue, I had another delivery to go on, that’s in that direction, so after I got in my truck I started, and as I was going off back I put my truck in gear, first gear, naturally I changed gears about half way of the block, on Franklin Avenue, I also had my left hand out to make a left signal, and when I got in this intersection of Franklin Avenue I came to a stop, and as I attempted to drive off with my truck, all of a sudden I heard something screech, and before I could release the clutch and drive off, something hit me at the back rear end of my truck; and at that time I got out of the truck, and this gentleman here, I asked him just as he came, where did he come from, so at that time I asked him did he want me to call the law.”
Counsel for defendant obviously realizing that the foregoing elucidation by the operator of the truck did not exculpate his client from liability, he then persistently interrogated the witness “when you got back into your truck, did you have occasion to observe whether anything was approaching from the rear?” The question was objected to as leading and the court agreed that it was, but referred the objection to the effect. There were additional leading interrogations of the same nature and further colloquy ensued between counsel with the same ruling by the court; the witness now fully apprised of the elusive but correct answer, finally responded “just as I said, after I made the delivery I got in my truck, and as I recall at the beginning because I looked through my rear window of my truck and also looked * * The witness was then interrupted by this question: “That is all you did? Just looked in the window?”, to which he replied “No, sir, I didn’t — there’s a mirror, a side mirror on the left side, and I examined my view from the left mirror too * * * at that time I remember something about a block and a half, there was a car coming, and naturally I knew I had time enough to cross to the intersection, and when I got to the intersection * * * ” I stopped “to make my turn to go back out * * * to the lake on Franklin Avenue * * * I saw no traffic coming, and as I attempted to pull off, that’s when something came up behind me.”
*369 Plaintiffs principally contend that defendant’s operator was guilty of negligence in attempting to execute a left turn from a right lane of traffic. On the other hand, defendant insists that the proximate cause of the accident was Baggett’s excessive speed and his failure to apply the brakes timely and thus avoid striking the defendant’s truck after it had “made a wide sweeping” left “turn from its parked position” at the curb of Franklin Avenue to where it ultimately stopped in the neutral ground of the intersection.
Counsel for defendant relies on the recent case of Victory Oil Company v. Pepsi-Cola Bottling Company of New Orleans, La.App.1953, 62 So.2d 870 as being analogous to and determinative of the issues herein involved. We are unable to discern this analogy for the reason that the cases are sharply differentiated upon their facts. In the cited case the operator of plaintiff’s truck testified that he was 100 to 125 feet removed from the situs of the accident (the intersection) when he observed defendant’s truck moving away from the right curbing of St. Claude Avenue intending to execute a left turn, and he did not apply his brakes until he was approximately 22 feet removed from defendant’s truck and a collision was then imminent. We were of the opinion that defendant’s operator had executed a prudent left turn, but even if he had not, we were of the alternative opinion that the testimony of plaintiff’s driver had convicted him of contributory negligence.
 In this case we are convinced, as apparently the trial judge was, that both Baggett’s and his wife’s version of the ac-. cident is the more plausible and their testimony the most credible; i. e. that Baggett was operating his vehicle in the left traffic lane of the uptown roadway of Franklin Avenue at a speed of 25 miles per hour; he sounded his horn in contemplation of passing on the left of defendant’s truck when its operator endeavored to execute a left turn into Carnot Street without either observing the approach of Baggett’s vehicle to the left rear thereof or manifesting any signal of his intention to execute such a maneuver or, if he did manifest such a signal, it was not calculated to either attract the attention of Baggett or to afford him an opportunity to act in conformity therewith. We have observed heretofore that judges have repeatedly stated that a motorist intending to execute a left turn into an intersection, must first ascertain by careful observation that the maneuver can be executed safely. Electric Delivery System v. Lang Co., La.App.1952, 61 So.2d 607; Zurich Fire Insurance Co. v. Thomas, La.App.1950, 49 So.2d 460; Tornabene v. Rau, La.App.1948, 34 So.2d 655.
The record reveals a stipulation concurred in by respective counsel that the estimate of Sti-Rod Auto Service, Inc. in the amount of $565.08 correctly reflects the cost of repairing Baggett’s automobile.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.