REGAN, Judge.
Plaintiff, Dr. Irving A. Fosberg, instituted this suit against Laundres Carey, and his insurer, Texas Mutual Insurance Company of Beaumont, Texas, endeavoring to recover the sum of $113.77, representing property damage incurred by his automobile, as the result of a collision in the intersection of Hamilton and Forshey Streets in the City of New Orleans on February 13, 1952, at about 8:30 a. m.
Defendants answered and admitted the occurrence of the accident, but denied that Laundres Carey was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of Mrs. Irving Fosberg, the operator of plaintiff’s automobile.
On the day of the trial, plaintiff dismissed his demand, as of non-suit, against the Texas Mutual Insurance Company, in view of the fact that it had been “placed in ancillary receivership” on February 23, 1953, at Baton Rouge, Louisiana, by the Nineteenth Judicial District Court.
From a judgment in favor of plaintiff against defendant, Laundres Carey, as prayed for, and dismissing his suit against the Texas Mutual Insurance Company as of non-suit, defendant has prosecuted this appeal.
The very simplicity of this accident has left little room in which to -create a factual dispute.
The defendant owns and operates a bus which he uses to transport school children to and from the St. Joan of Arc School. On the day of the accident he was driving in Hamilton Street from Palm to Forshey Street and came to a stop at the intersection of Forshey Street in order to pick up some school children. Plaintiff’s wife was operating their automobile in the same direction and came to a stop at this intersection on the left side of the bus. Mrs. Fosberg and defendant started forward almost simultaneously and when the rear of her car was in the intersection of Plamilton and For-shey Streets, defendant, endeavoring to execute a left turn into Forshey Street, struck *587 the right rear of her car with the left front of the bus.
We have repeatedly expressed the opinion that a motorist intending to execute a left turn in an intersection must initially ascertain by careful observation, that the maneuver can be executed safely. Tornabene v. Rau, La.App.1948, 34 So.2d 655; Electric Delivery System v. Lang Co., La. App.1952, 61 So.2d 607; Martin v. Globe Indem. Co., La.App.1953, 64 So.2d 257.
A careful analysis of the evidence convinces us that the proximate cause of this accident was defendant’s negligence of failing to observe the location of plaintiff’s car and thus permit its safe passage before he initiated a left turn into its path.
For reasons assigned the judgment appealed from is affirmed.
Affirmed.