81 So.2d 165 (1955)
Elmer R. DYCK, Plaintiff-Appellant,
v.
Grady C. MADDRY et al., Defendants-Appellants.
No. 8365.
Court of Appeal of Louisiana, Second Circuit.
June 20, 1955.
Hobbs & Yeates, Minden, for plaintiff-appellant.
J. F. McInnis, McClendon & Benton, Minden, for defendants-appellants.
GLADNEY, Judge.
Questions of liability for property damage and personal injuries resulting from a collision between two automobiles are presented in two appeals from a judgment which found both drivers guilty of contributory *166 negligence and denied their claims, but allowed recovery to guest passengers.
The collision took place at night about 9:00 o'clock, June 2, 1954, near the city limits of the Town of Cotton Valley on State Highway No. 90 and about 92 feet south of its intersection with a street which does not cross but enters it from the east at approximately a right angle, thus forming a "T" intersection. At the time of the occurrence there was considerable wind and dust but both drivers asserted their vision was not obscured. Dyck said he was able to see some several hundred feet along Highway No. 90 to the north and south of the intersection. The street (not otherwise designated in the record) runs from the highway to the center of the town and is well traveled. Several businesses are located at and near the intersection. A stop sign faces traffic about to enter the highway but there are no signal lights. Both thoroughfares are surfaced with asphalt, with vehicles on Highway No. 90 enjoying the right-of-way status. An effort was made to prove the speed limits fixed by the Town of Cotton Valley but the evidence so tendered was excluded. Thus, it must be presumed the speed limits set by the Highway Regulatory Act govern.
Charges of negligence are detailed by both sides, which specifications we here summarize and reproduce as follows: that Mrs. Gladys Maddry was driving at an excessive rate of speed and not maintaining a proper lookout; and that Elmer R. Dyck was not maintaining a proper lookout and entered a highway favored with the right-of-way when it was unsafe to do so. We think the above fairly sums up the several allegations of fault, and were the only charges found by the judge a quo to have merit. An alternative plea of contributory negligence was filed by defendants and is considered along with other counter charges made against plaintiff.
In written reasons assigned by the district judge, Elmer R. Dyck and Mrs. Gladys Maddry were held to be negligent and it was also held that the negligence of each was a contributing cause to the accident, thus barring recovery of the claims of Elmer R. Dyck, Grady C. Maddry and Mrs. Gladys C. Maddry. Damages in the sum of Five Hundred ($500.00) Dollars each were awarded to Elizabeth Dyck and Doris Kirsch, and Theresa Kirsch was awarded One Hundred ($100.00) Dollars. The court's opinion attributed Dyck's negligence to his failure to ascertain he could safely enter Highway No. 90 before attempting to make a left turn thereon; and it held Mrs. Maddry's negligence was due to her failure to keep a proper lookout, and driving at a rate of speed excessive under existing circumstances.
Elmer R. Dyck testified he, accompanied by his wife and minor daughter, Elizabeth, had been to church and was returning home. He said that upon arriving at Highway No. 90 he brought his vehicle, a 1948 Chevrolet coupe, to a stop and looked north and south along said highway and seeing no approaching traffic he commenced a left turn in order to go south; that after he had traveled 92 feet south of the intersection his car was struck in the rear and overturned by the Maddry automobile, which he had not observed.
The testimony of Mrs. Gladys Maddry is that she was returning home from a theatre in her 1953 two-door Chevrolet, accompanied by her two minor daughters, Doris and Theresa Kirsch; that she entered Highway No. 90 from an intersecting street 300 to 400 feet north of the scene of the accident and was proceeding southerly at a speed of from 35 to 40 miles per hour when Dyck drove suddenly in front of her under circumstances which required her to instantly apply her brakes and attempt to avoid the collision.
The testimony of other witnesses does not materially alter the facts as related by Dyck and Mrs. Maddry. Trooper G. H. Jones, who investigated shortly after the accident testified the point of impact was approximately at the spot fixed by Dyck. He also stated Mrs. Maddry informed him *167 she was traveling about fifty miles per hour when she saw Dyck's automobile.
Provisions of Highway Regulatory Act, LSA-R.S. 32:227, prohibit the operator of any vehicle upon the highways of this state from driving at other than reasonable and proper speed under the circumstances. A driver shall at all times be on the alert, steadily watch road conditions ahead as they are revealed, and keep his vehicle under such control and maintain such speed as is commensurate with circumstances, and the greater the known hazard the greater should be the degree of care exercised. Rhea v. Daigle, La.App., First Circuit, 1954, 72 So.2d 643; Potomac Insurance Company v. City of Alexandria, La.App., Second Circuit, 1953, 66 So.2d 22; Hogue v. Akin Truck Line, La.App., Second Circuit, 1944, 16 So.2d 366.
The rule is well settled to the effect that a motorist who merely stops before attempting to enter a right-of-way thoroughfare has only performed one-half the duty resting upon him. To stop and then proceed without ascertaining if it is safe to do so is negligence of a gross character and renders the driver guilty of negligence. See: Anderson v. Morgan City Canning Company, Inc., La.App., Orleans Circuit, 1954, 73 So. 2d 196; Porter v. De Boisblanc, La.App., Orleans Circuit, 1953, 64 So.2d 864; Pancoast v. Cooperative Cab Company, La. App., Orleans Circuit, 1948, 37 So.2d 452; Glen Falls Insurance Company v. Copeland, La.App., Second Circuit, 1946, 28 So.2d 145.
Likewise it has been held that a motorist intending to execute a left turn in an intersection must initially ascertain by careful observation that the maneuver can be executed safely. Fosberg v. Texas Mutual Insurance Company, La.App., Orleans Circuit, 1954, 72 So.2d 586; Martin v. Globe Indemnity Company, La.App., Orleans Circuit, 1953, 64 So.2d 257; Electric Delivery System, Inc., v. Lang Company, La.App., Orleans Circuit, 1952, 61 So.2d 607; Tornabene v. Rau, La.App., Orleans Circuit, 1948, 34 So.2d 655.
The plaintiff takes the position that he entered the highway sufficiently in advance of the Maddry vehicle so that he was enabled to not only cross the highway but proceed a distance of 92 feet south along the road before being struck by Mrs. Maddry. Cited as authorities supporting this view are: Taney v. White Top Cabs, Inc., La.App., Orleans Circuit, 1941, 2 So.2d 281; Balsamo v. Hall, La.App., Orleans Circuit, 1936, 170 So. 402; Deitrich & Wiltz, Inc., v. H. T. Cottam & Company, Inc., Orleans Circuit, 1929, 9 La.App. 740, 120 So. 262. Each of the cited cases involved accidents on the streets of New Orleans, the traffic on which is regulated by a city ordinance. The Highway Regulatory Act has application in the instant case. We think the cited cases are inapposite.
According to accepted tables, the stopping distance of the Maddry vehicle would have varied from 84 to 220 feet, depending upon its speed at from thirty to fifty miles per hour. What was a proper speed under the existing circumstances cannot, of course, be accurately fixed. We are of the opinion that Dyck, had he properly observed the approaching car, would not have commenced his left turn in front of it. The Maddry automobile was too close to permit the left turn to be safely negotiated. Dyck says he failed to observe the approach of the Maddry vehicle and, although he could see three hundred feet down the highway, he saw no lights coming from the north. As he commenced his turn undoubtedly the Maddry car was within observation distance. The locale of the accident because of conditions prevailing, exacted from Mrs. Maddry a strict compliance with section 227 of The Highway Regulatory Act, supra. We find that her speed was excessive and unlawful and was a contributing and concurrent cause of the accident. Dyck's left turn was accompanied with negligence which also was a concurrent and contributory factor to the mishap. We find no error, therefore, in the rulings complained of on this appeal.
A careful review of the injuries sustained by the three children, guests in the two *168 automobiles, has convinced us their injuries were not of a serious nature and there is no reason for modifying the awards as determined by the judge a quo. For reasons hereinabove set forth, the judgment from which appealed is affirmed. All costs, including costs of the appeal, shall be divided equally between plaintiff and defendants.