REGAN, Judge.
Plaintiff, Willie A. Jackson, the owner and operator of a 1949 Chevrolet automobile, instituted this suit against the defendant, Charles H. Fischbein, both as the owner of a 1954 Ford Sedan, and as the father of the minor, Sigmund D. Fischbein, the operator of the vehicle, endeavoring to recover the sum of $350 representing property damage incurred by virtue of a ■collision between the two vehicles in the outbound roadway of the Airline Highway near Dilton Street on September 18, 1954, at about 7:20 P.M. when the plaintiff was attempting to complete the execution of a left turn across the neutral ground and into the inbound roadway thereof.
Defendant answered and denied that his son, the operator of the vehicle, was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligence of the plaintiff.
From a judgment in favor of defendant dismissing plaintiff’s suit, he has prosecuted this appeal.
The facts are relatively simple. The Airline Highway, for the purpose of ori *603 enting the situs of the accident, is a wide thoroughfare having an inbound and outbound roadway separated by a three or four foot neutral ground and extends from New Orleans to Baton Rouge. Each of the roadways have two traffic lanes.
The plaintiff testified that he was moving in the direction of Baton Rouge, driving in the right traffic lane of the outbound roadway at a speed of approximately thirty miles per hour; when he was 200 feet removed from an intersection of the neutral ground, where he intended to execute a left turn, he placed his left hand out of the window signalling his intention of moving into the left traffic lane in order to prepare to execute a left turn; when he arrived at the roadway crossing the neutral ground he turned therein and then stopped his car at a 45-degree angle with the rear thereof protruding into the left lane of the outbound roadway and seconds thereafter the rear of his car was struck by the defendant’s vehicle. The plaintiff was accompanied by his common-law wife and sister-in-law, who laboriously endeavored to corroborate the foregoing version of the accident.
The defendant’s minor son, who was alone in his automobile at the time, testified that he was driving forty to forty-five miles per hour in the left lane of the outbound roadway about three or four car lengths in the rear of the plaintiff, when plaintiff suddenly and without the manifestation of any warning whatsoever, turned his vehicle from the right lane across the left lane and into the path of his vehicle in an endeavor to execute a left turn in to the roadway crossing the neutral ground of the Airline Highway.
The only question posed for our consideration is one of fact and that is whether the plaintiff endeavored to execute a left turn from the right traffic lane of the outbound roadway of the Airline Highway across the left lane thereof and into the roadway crossing the neutral ground without manifesting any reasonable signal of his intention to do so.
The very simplicity of the nature of this accident has left little room in which to create a factual dispute. The trial judge, as reflected in his written reasons for judgment, resolved the answer to this question of fact in favor of defendant and our review of the record fails to disclose any error in his conclusion.
A careful analysis of the evidence convinces us that the proximate cause of this accident was plaintiff’s negligence in failing to observe in his rear the proximity of defendant’s car and thus permit its safe passage before he initiated a left turn directly into its path.
We have repeatedly expressed the opinion that a motorist intending to execute a left turn must initially ascertain, by careful observation, that the maneuver can be executed safely. Tornabene v. Rau, 1948, 34 So.2d 655; Electric Delivery System v. Lang Co., 1952, 61 So.2d 607; Martin v. Globe Indemnity Company, 1953, 64 So.2d 257; Fosberg v. Texas Mutual Insurance Company, 1954, 72 So.2d 586.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.