REGAN, Judge.
Plaintiff, Joseph L. Thompson, instituted this suit against the defendant, Mrs. Marguerite D. Ferrara, endeavoring to recover the sum of $169.96, representing property damage incurred to his vehicle on February 19, 19S6, at 9:00 A.M., by virtue of a collision between their respective automobiles in the intersection of North Claiborne Avenue and Clouet Streets.
Defendant answered and denied that she was guilty of any negligence in the premises and alternatively pleaded the contributory negligence of the plaintiff. Defendant then reconvened for the sum of $272.88, representing the damages incurred to her vehicle as a result of the collision.
From a judgment dismissing plaintiff’s suit and awarding defendant, in conformity with the prayer of her reconventional demand, a judgment in the amount of $272.88, plaintiff has prosecuted this appeal.
The facts are relatively simple. The only witnesses to the accident were the operators of the respective vehicles, and, as usual, their testimony was conflicting when vital facts were at issue.
In any event, both vehicles were moving in North Claiborne Avenue in the general direction of the Parish of St. Bernard. Defendant was operating the lead car and plaintiff was following close behind. It is conceded that when the automobiles were traversing the North Claiborne Avenue overpass which is composed of two traffic lanes[1] and ends approximately 100 feet from the intersection, plaintiff, on at least two occasions, sounded his horn indicating to defendant that he intended to overtake her. She, on the other hand, concedes that despite hearing the horn, she maintained the course and slow speed of her vehicle because she was in the process of manually and mechanically signalling her intention to execute a left turn into Clouet Street, which was some distance away, but the manifestation of any signal is denied by the plaintiff. The record, at this point, leaves no doubt that the operators had been aggravated by each other’s actions for some moments prior to the accident.
*115 In any event, shortly before the vehicles reached the intersection, plaintiff endeavored to pass defendant on her left. He was in about the center of the intersection with the front half of his car ahead of defendant’s, when she initiated a left turn and struck the center of his vehicle with the left front side of her automobile. Defendant then lost control of her car, and a second impact occurred; the left front of her vehicle then struck the left rear of plaintiff’s automobile.
The foregoing facts, together with a comprehensive analysis of all of the evidence herein, leads us to the inevitable conclusion that both operators of the vehicles were guilty of concurrent negligence which was the proximate cause of the collision. The plaintiff was negligent in attempting to overtake defendant’s vehicle in an intersection, which is prohibited by the Highway Regulatory Statute.[2]
We, are fully cognizant of the fact that the violation of a traffic regulation will not be regarded as actionable negligence if it is without causal connection to the accident but, here, we entertain no doubt that the overtaking and attempted passing of the defendant’s vehicle in the intersection by the plaintiff was at least, a factor which contributed to the accident.
Defendant was negligent in failing to observe, to her rear, the proximity of plaintiff’s car, although she knew or should have known that it was there, before she initiated a left turn which caused her vehicle to run into the side of plaintiff’s vehicle.
We have repeatedly expressed the opinion that a motorist, endeavoring to execute a left turn, must initially ascertain by careful observation that the maneuver can be executed safely.[3]
For reasons assigned, it is now ordered, adjudged and decreed that the judgment appealed from be and it is hereby reversed insofar as the reconventional demand is concerned, and that there now be judgment in favor of plaintiff, dismissing defendant’s suit in reconvention. In all other respects, the judgment appealed from is affirmed. Each party is to pay his own costs.
Affirmed in part, reversed in part.

. An inbound and outbound roadway.

. Highway Regulatory Statute, LSA-R.S. 32:233, subd. B
“The driver of a vehicle shall not, under any circumstances, overtake or pass another vehicle proceeding in the same direction at any railroad grade crossing or any intersection of the highway, unless permitted or instructed to do so by a duly authorized traffic or police officer.”
The litigants have inferred that this act is not applicable to the streets of a city, being intended only as a safeguard for the traffic at highway intersections. This inference is not well founded. Subsection (8) of Section 1 of the Highway Regulatory Statute is determinative of this question. This section is to be found under title “Definitions and General Authority,” it reads:
“ ‘Highway’ includes every way or place of whatever nature open to the use of the public for the purpose of vehicular travel.” Holliday v. Hartford Accident & Indemnity Co., La.App.1949, 38 So.2d 235; Parker v. Home Indemnity Co. of Now York, La.App.1949, 41 So.2d 783.

. Jackson v. Eischbein, La.App.1957, 92 So.2d 602.