GLADNEY, Judge.
This suit was brought by Widdie J. Ponthieu against Eddie Dubroc and the latter’s insurer to recover property damage occasioned by an intersectional collision of two pick-up trucks owned by the respective parties litigant. The accident occurred December 20, 1957, at about 9:30 o’clock A.M., near the intersection of North Washington and Laurel Streets in Marksville, Louisiana, at which time there was a fine rain or mist. Ponthieu accompanied by his son, Roland, was proceeding southerly on North Washington Street and was being followed by defendant’s vehicle driven by Fred Brouillette. When plaintiff attempted a left turn the Dubroc truck struck plaintiff’s truck approximately at the left front door. The trial judge, after hearing the case on its merits, found for plaintiff, and Dubroc and his insurer, American Surety Company, have appealed.
Plaintiff, his son and Milan Deshautels, an eye witness also, testified it was a cloudy day, not raining; that both vehicles upon nearing the intersection were traveling at a slow rate of speed; and defendant’s truck was following at a distance of about fifteen yards when plaintiff gave a proper signal for a left turn, at which time the lead car was forty or fifty yards from the intersection. Ponthieu testified, corroborated by his son, that he observed the following vehicle before he gave the proper left-hand signal. Brouillette, an employee of Dubroc, testified it was drizzling rain at the time; that both vehicles were traveling about twenty miles per hour, with the forward vehicle nearer the right side of the street; and he observed no signal being given for a left turn. He said he assumed plaintiff was about to park on the right side of the street, and accordingly he attempted to pass.-
Plaintiff principally charges Brouillette was negligent in not observing plaintiff’s signal for a left turn, and in attempting to pass his vehicle at an intersection. Coun *27 ter charges were made that plaintiff failed to give any signal of a turning movement and attempted a left turn at a time when it was unsafe, doing so in an improper manner. Defendants also rely upon a special plea of contributory negligence.
The state traffic regulatory statute, LSA-R.S. 32:221 et seq., prescribes the duties of a motorist driving a vehicle about to make a left turn. The act in Section 235 provides such a driver shall ascertain before turning there is no traffic approaching from either direction which will be unduly delayed, that he shall yield the right-of-way to such approaching traffic and not attempt to make a turn unless the way is clear.
The foregoing legislative enactment has resulted in the familiar judicial pronouncement: a motorist endeavoring to execute a left turn must initially ascertain by careful observation that the maneuver can be executed safely without danger to normal overtaking or oncoming traffic and must yield the right-of-way to such vehicles. Thomas v. Morgan City Canning Company, La.App.1954, 69 So.2d 548; Fornea v. Crain, La.App.1955, 79 So.2d 95; Tyler v. Marquette Casualty Company, La.App.1955, 79 So.2d 376; Dunnington v. Richard, La.App.1955, 81 So.2d 33; Jenkins v. Fidelity & Casualty Company of New York, La.App.1957, 92 So.2d 120; Washington Fire & Marine Insurance Company v. Wallace, La.App.1957, 92 So.2d 777; Rothman v. Centanni, La.App.1957, 95 So.2d 34; Thompson v. Ferrara, La.App.1957, 96 So.2d 113.
Another rule ordained by the above mentioned section of the statute prescribes the manner in which a motorist shall make a left turn, stating:
“ * * * when intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest the center line of the highway and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning to the left.”
The statute also imposes certain obligations upon an overtaking vehicle. Thus, it is provided, inter alia, in Section 233, subsections “B” and “E”, the driver of an overtaking vehicle shall give audible and sufficient warning of his intention before overtaking, passing or attempting to pass a vehicle proceeding in the same direction; and, he or she shall not under any circumstances, overtake or pass another vehicle proceeding in the same direction at any intersection of the highway. The driver of a motor vehicle is also prohibited from following another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway. LSA-R.S. 32:234, subd. A. This traffic rule is the source of the not infrequent statement found in our jurisprudence that a motorist following other traffic must keep his automobile at a safe distance behind so as to enable him to stop his vehicle in a sudden emergency. Crow v. Alesi, La.App.1951-1952, 55 So.2d 16; Myers v. Traders & General Insurance Company, La.App.1955, 81 So.2d 130; Leonard v. Holmes & Barnes, Ltd., 1957, 232 La. 229, 94 So.2d 241.
The testimony preponderates, we find, in favor of plaintiff for his testimony, that of his son, Roland, and the witness Deshautels, shows Ponthieu was proceeding at a moderate rate of speed and attempted a left turn with due precautions as prescribed by the statute, after timely giving the proper signal for a left turn. Brouil-lette was fifteen yards to the rear of plaintiff and proceeding slowly when the left turn signal was given. Thus the conclusion is inescapable that if he had been keeping proper control over his vehicle and properly observant he would have experienced no difficulty in allowing plaintiff to complete his left turn. His attempt to pass at an *28 intersection under the circumstances indicated was in direct violation of the statutory provisions of LSA-R.S. 32:233, subd. E.
The evidence supports to some extent the charge of defendants Ponthieu did not drive as close as he might have to the center line of the street before turning left, and in this respect did not fully comply with the rule enunciated in LSA-R.S. 32:235. Such dereliction, however, cannot be considered a proximate cause or a contributing cause to the occurrence of the accident. In the face of a timely and properly given signal for a left turn there could be no excuse for Brouillette not realizing a left turn was about to be made.
We have examined with care the authorities cited in support of defendants’ contentions, but find them inapposite to the peculiar facts relating to the instant accident.
Finding no error in the ruling of the trial court, the judgment from which appealed is affirmed at appellants’ cost.